The opinion of the Court was delivered by
Coecook, J.
This action was originally brought against two defendants. At the Spring Court of 1811, a motion was made by plaintiff’s counsel, for leaving to strike out the name of one of the defendants, and to proceed against the other, which was granted.
Felder, for the motion. Stark, Solicitor, contra.
After the plaintiff had gone through his evidence to prove a title in himself, a motion was made for a nonsuit, on the authority of the case of Steel v. Ward et al., decided in the Constitutional Court, at Columbia, April, 1813, which (it was then argued, and as I then thought correctly) had determined, that where an action was brought against two or more for a joint trespass, that the plaintiff should not be permitted, after taking issue, to strike out one defendant, and proceed against the other. And the case, from the manuscript report, does appear to be such an one : for in that a motion was made, to strike out all but one defendant, and refused ; the plaintiff suffered a nonsuit, with leave to move to set it aside, which he did, and his motion was refused.
It is clear, upon the general rules of pleading, that the plaintiff had a right to enter up a nolli prosequi as to one defendant, (1 Chitty, 546, Greeves v. Rolls, 2 Salk. 456, Tidd’s Practice 4th Edit. 622, 2 Amer. Ed. 632,) in actions ex delico; for in such, one might be found guilty and the other acquitted. 1 Sellon’s Prac. 336. 1 Chitty, 31. 2 Loft’s Gilb. 595. 1 Morgan’s Ess. 394. Brown v. Haselrig, et al. 2 Vent. 151.
The nonsuit must, therefore, be set aside, and a new trial granted.
*Nott, Cheves, Gantt and Johnson, JJ., concurred.
Extended, so as to permit discontinuance against one or more defendants in cases of joint and several contracts. 2 Rich. 12; 2 McC. 276; 3 Strob. 282; 1 McM. 313 ; and discontinuance by one of two or more plaintiffs, 2 N. & Me. 141.